**ALLIANCE FIRST NATIONAL BANK, Appellee, v. MAUS, Exrx. et, Appellants, MORRIS, Appellee.**

Ohio Appeals, Fifth District, Stark County.

No. 2632. Decided May 17, 1957.

John L. Russell, for plaintiff-appellee.
F. E. Hunter, for defendants-appellants.
Evan W. Morris, for defendant-appellee.

(FESS, J, of the Sixth District, sitting by designation in the Fifth District.)

## OPINION

By FESS, J.

Appellants have filed a petition herein to vacate a judgment entered by this Court on September 6, 1955, on the ground that said judgment was obtained "in whole or in material part by reason of mistake, neglect or omission and irregularity in the proceeding of the Court which deprived these defendants-appellants of due process of law." Petitions pray that the judgment be set aside and that the cause be placed on the active trial list.

Defendants-appellants appealed to this Court on questions of law and fact from a judgment entered by the Common Pleas Court on April 9, 1954. The appeal was heard on February 3, 1955 and on February 21, 1955 this Court rendered an opinion written by Judge McClintock, finding against the contentions of the appellants. (100 Oh Ap 433.) Judge Montgomery concurred in the opinion and judgment. Judge Putnam concurred in the judgment.

On August 15, 1955 appellants' motion to reopen the case for introduction of new evidence was overruled. On September 6, 1955 the judgment was journalized and mandate thereon filed in the Common Pleas Court. On September 22, 1955 motion for a new trial was overruled. On November 25, 1955 a motion for rehearing was denied and an application for rehearing on the motion for new trial was overruled. On March 28, 1956 a motion to certify was overruled by the Supreme Court.

On May 1, 1956 appellants filed a further motion to vacate its former

258

judgment herein, under §§2325.01 and 2325.04 R. C., for mistake, neglect, or omission of the Clerk or irregularity in obtaining the judgment, and for a rehearing. On May 31, 1956 this motion to vacate for rehearing was denied. In support of this motion plaintiff asserted that the writer of the opinion either did not read the record and certain exhibits, or ignored such testimony.

The claimed irregularity incident to the present motion to vacate the same judgment is not specified in the motion, but it seems to be the contention that the writer of the opinion was the only member of this Court who reviewed the transcript of the proceedings before the Common Pleas Court. The insinuation that the individual members of this Court did not perform their duty incident to the determination of this appeal is not to be ignored, but, if tenable, such contention raises a matter for review by way of error proceedings. Nevertheless, the two remaining members of this Court who reviewed the appeal take judicial notice that each of the three members of this Court reviewed the record and briefs and concurred in the judgment.

There comes a time when vexatious litigation should terminate. The asserted irregularity in obtaining the judgment is not such an irregularity as is contemplated in §2325.01(C) R. C., as a predicate to support vacation of a judgment after term.

Appellants' motion to refer the petition to vacate to a Referee for the purpose of taking testimony is denied and the petition is dismissed at appellants' costs.

McCLINTOCK, PJ, PUTNAM, J, concur.